IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Roger Scott Bryner,<br><br>    Plaintiff,<br><br>  v.<br><br>Svetlana Bryner<br><br>    Defendant. | Case No. 2:09-CV-161-DB-SA<br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry #11) and Plaintiff's Motion to Amend his Amended Complaint (Docket Entry #15). Defendant, Svetlana Bryner, brought her Motion to Dismiss Plaintiff's Amended Complaint for failing to state a cause of action on which relief can be granted. Plaintiff's Amended Complaint alleges a civil rights claim under 42 U.S.C. § 1983, fraud, mail fraud, spoilation of evidence, abuse of process, and a violation of an automatic bankruptcy stay under 11 U.S.C. § 362. (Docket Entry #10, ¶ 1.)

Defendant contends that Plaintiff's civil rights claim fails because Defendant is not a state actor nor was she acting under the color of state authority during the alleged misconduct. (Docket Entry #12 at 5-7.) Defendant also states that Plaintiff's mail fraud claim should be dismissed because Plaintiff has failed to show that there was a scheme to defraud in place. (Docket Entry #12 at 7.) Further, Defendant asserts that, aside from the alleged violation of the bankruptcy stay, the remaining claims are pendant state law claims and are barred by *res judicata*. (Docket Entry #12 at 7-8, 9-11.) Finally, Defendant argues that Plaintiff's claim that Defendant violated the automatic bankruptcy stay is not properly before this court and should be addressed in Bankruptcy Court. (Docket Entry #12 at 8-9.)

1

The court has carefully reviewed the parties' memoranda, exhibits, and affidavits and recommends that Plaintiff's Motion to Amend be denied and Defendant's Motion to Dismiss be granted for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff commenced this action on February 20, 2009, by filing his complaint against Defendant *in forma pauperis*. (Docket Entries # 1-3.) An amended complaint was filed on March 12, 2009, prior to Defendant filing any documents in this case. (Docket Entry #10.) Defendant filed a Motion to Dismiss Amended Complaint on March 18, 2009, with an accompanying memorandum. (Docket Entries #11-12.) Plaintiff filed a dual Response to Plaintiff's Motion to Dismiss Amended Complaint and a Motion for Leave to Amend his Amended Complaint on April 6, 2009. (Docket Entry #15.) Defendant filed a Reply to the Motion to Dismiss and an Opposition to the Motion to Amend on April 15, 2009. (Docket Entries # 18-19.) Thereafter, Plaintiff filed a Motion to Consolidate with Case No. 2:09-CV-373-CW on May 5, 2009 (Docket Entry #20), which Defendant opposed on May 19, 2009 (Docket Entry #25), and Plaintiff replied (Docket Entry #28).

This case is assigned to United States District Judge Dee Benson. (Docket Entry #3.) The case was referred to United States Magistrate Judge Samuel Alba on March 13, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B), to handle all matters up to and including this Report and Recommendation. (Docket Entry #9.)

Plaintiff's claims arise from facts occurring during the parties' ongoing domestic case in state court.[1] (Docket Entry #10, ¶¶ 19-64.) Plaintiff alleges that Defendant, as a Salt Lake County Employee, violated his civil rights and committed mail fraud when she sent him correspondence relating to their domestic case using Salt Lake County equipment, computers,

---

[1] Utah State Court Case No. 044901843. Docket is attached as Ex. 1 to Docket Entry #18.

faxes, paper, and supplies.  (Docket Entries #10, ¶ 8; #12 at 1-2.)  Plaintiff claims that Defendant sent him false and misleading information via the United States mail regarding the cost of retrieving personal family photographs from a corrupt computer hard drive.  (Docket Entry #10, ¶¶ 19-22, 94-105, 128-32.)

Plaintiff further alleges in his complaint that Defendant abused the process of the courts in their domestic case by bringing multiple Orders to Show Cause (hereafter "OSC") against Plaintiff.  (*See* Docket Entry #10.)  Plaintiff also claims that Defendant spoiled evidence by disposing of the corrupt hard drive which contained personal family photographs after the photographs were removed.  (Docket Entry #10, ¶¶ 133-36.)  Additionally, Plaintiff claims that Defendant inflicted intentional emotional distress by bringing multiple OSCs and failing to provide family photographs.  (Docket Entry #10, ¶¶ 137-41.)

Finally, Plaintiff claims that an automatic bankruptcy stay was violated when Defendant continued to pursue enforcement of financial obligations against Plaintiff in state court stemming from the OSCs, civil contempt hearings, and accompanying proceedings.  (Docket Entry # 10, ¶¶ 24-64.)

Plaintiff and Defendant's counsel appeared before Judge Alba on July 7, 2009.  (Docket Entry #30.)  Oral argument was heard on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend.  (Docket Entry #30.)  Plaintiff also filed a Jurisdictional Objection to Magistrate Hearing Any Bankruptcy Issues along with an Objection to Proceedings Before Magistrate Based upon Ex-parte Information.  (Docket Entries # 31-32.)

## STANDARD OF REVIEW

Plaintiff is proceeding *pro se* and, as a result, the court construes his pleadings liberally and holds his pleadings to less stringent standards than formal pleadings drafted by lawyers. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation omitted). The court should take judicial notice that Plaintiff is a prolific filer and experienced litigant and has filed at least 120 different cases in this court, United States Bankruptcy Court, Utah State Court, Utah Courts of Appeal, Utah Supreme Court and the United States Supreme Court.

While Plaintiff argues that as a *propria persona* litigant the court should not dismiss his claims without instructing him on how his pleadings are deficient or how to repair his pleadings (Docket Entry #16 at 4), it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A liberal treatment of Plaintiff's complaint does not dismiss the requirement that *pro se* litigants "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Additionally, a broad reading of a *pro se* litigant's complaint does not relieve him of alleging sufficient facts upon which a recognized legal claim can be based. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall*, 935 F.2d at 1109).

The court should also take notice that the Utah Court of Appeals has addressed Plaintiff's prolific and experienced filing as a *pro se* litigant finding that "because Bryner 'avails [himself] of the judicial machinery as a matter of routine, special leniency on the basis of pro se status is manifestly inappropriate." *Bryner v. Lindberg*, 2006 WL 2779855 *3 (Utah App. Sept. 28, 2006) (citation omitted); *see also Bryner v. Bryner*, 2008 WL 2544897 *1 (Utah App. June 26, 2008) (stating that in a previous court order "Mr. Bryner was specifically ordered that his future

filings must not contain frivolous content or include any statements that: (1) constitute an attack on the integrity of Utah courts or judges; (2) are burdensome, irrelevant, immaterial, or scandalous; or (3) are intended to harass the court, any party, or any counsel participating in the case." (citations omitted)).

Examining a dismissal under Rule 12(b)(6), the United States Supreme Court in *Bell Atlantic Corporation v. Twombly* stated that the "[f]actual allegation[s] [in the complaint] must be enough to raise a right to relief above the *speculative* level." 550 U.S. 544, 555 (2007) (citations omitted) (emphasis added); *see also Kay*, 500 F.3d at 1218. The Court in *Bell Atlantic* also pointed out that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal punctuation omitted) (citations omitted).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). "In determining whether a dismissal is proper, [the court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay*, 500 F.3d at 1217 (quoting *Gaines*, 292 F.3d at 1224).

Evaluating the court's jurisdiction over the claim of a violation of the bankruptcy stay, Defendant argues that the court lacks subject matter jurisdiction and the claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1). Motions under Rule 12(b)(1)

generally take one of two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In the first form, "a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id*. In this form, allegations in the complaint must be accepted as true. *Id*. In the second form, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id*. at 1003. The Court may not presume those facts to be true, and the Court has discretion to permit affidavits, among other things, to resolve disputed facts as to jurisdiction. *Id*. Such recourse beyond the pleadings does not convert a motion to dismiss for lack of subject matter jurisdiction to one for summary judgment. *Id*.

## ANALYSIS

### I. Plaintiff's Civil Rights Claim Under 42 U.S.C. § 1983

Plaintiff alleges that Defendant violated his civil rights under 42 U.S.C. § 1983 when she used government resources to communicate with him regarding their Utah State Court domestic dispute.[2] (Docket Entry #10, ¶¶ 18, 144-147.)  To state a claim under § 1983, Plaintiff must allege that a person has deprived him of a federal right, constitutional or statutory, and that the person acted under of color of state law in doing so.  *See* 42 U.S.C.A. § 1983; *see generally Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Under the first prong of the § 1983 analysis, Plaintiff must allege facts that show his constitutional or federal statutory rights have been violated.  Here, Defendant is a named party in her individual capacity in this proceeding.  (*See* Docket Entry #10.)  In order to state a claim against Defendant individually, there must be some personal involvement in the alleged violation

---

[2] The parties were involved with a paternity and custody dispute in which these claims arose. *See* Utah State Court Case #044904183.  Specifically, Plaintiff alleges that misrepresentations were communicated to him using Salt Lake County resources (i.e. copy machines, computers, electronic mail, etc.). (Docket Entry #10, ¶ 18.)

6

of Plaintiff's constitutional rights. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (citation omitted).

> "For liability under section 1983, direct participation is not necessary. Any official who 'causes' a citizen to be deprived of her constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights."

*Buck v. City of Albuquerque*, 549 F.3d 1269, 1279-80 (10th Cir. 2008) (citation omitted).

At oral argument, Plaintiff withdrew his claim of a violation under 42 U.S.C. § 1983. However, even if Plaintiff had not withdrawn his claim, Plaintiff's conclusory allegations that Defendant used county computers, email, and printers to generate fraudulent correspondence and abusive process was not sufficient to satisfy the requirements of § 1983. (Docket Entry #19, ¶¶ 18, 144-147.) Plaintiff failed to allege any specific constitutional or federal statutory violation of his rights. Nor did Plaintiff specifically allege facts describing how Defendant's use of County resources was unlawful or how Defendant was behaving as a state actor when she participated in the conduct of which Plaintiff complains. Plaintiff appeared to try to show that Defendant should be constitutionally liable to Plaintiff for her misuse of government equipment to send correspondence and emails. Plaintiff failed to show that Defendant deprived him of a federal constitutional or statutory right to which he was entitled.

## II. Plaintiff's Mail Fraud Claim

Plaintiff's claim of mail fraud essentially consists of allegations that Defendant used the United States mail to notify him of court proceedings which were an abuse of process and that he used the United States mail to communicate about family photos which were the subject of his domestic case. (Docket Entry #10, ¶¶ 128-132.) "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b).

"Mail fraud . . . occurs whenever a person, 'having devised or intending to devise any scheme or artifice to defraud,' uses the mail 'for the purpose of executing such scheme or artifice or attempting so to do.'" *Bridge v. Phoenix Bond & Indem. Co.*, 128 S. Ct. 2131, 2138 (2008) (quoting 18 U.S.C. § 1341). In order to establish a colorable claim of mail fraud, the individual must show that the actor (1) engaged in a scheme to defraud another of money or property and (2) used the mail in furtherance of that scheme. *Id*. (citation omitted). "A scheme to defraud is conduct intended to or reasonably calculated to deceive ordinary people." *U.S. v. Trammell*, 133 F.3d 1343, 1352 (10th Cir. 1998) (citation omitted).

A private right of action, however, is not available under 18 U.S.C. § 1341; therefore, Plaintiff may not bring a civil claim of mail fraud. *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (agreeing with the Fifth and Sixth Circuits[3] "that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes"). [4]

Additionally, even if there was a private right of action under 18 U.S.C. § 1341, Plaintiff has failed to allege facts showing that Defendant intended to deceive him. Plaintiff points to instances where communications were sent in the mail regarding an estimated cost of recovering pictures from a hard drive which was subsequently discovered to be less than the estimate. (Docket Entry #10, ¶ 125; Docket Entry #12 at 4.) An estimate of the cost of retrieving photographs from a corrupt hard drive is not enough to be "a scheme to defraud." Plaintiff's conclusory allegation that Defendant made "false representations" (Docket Entry #10, ¶ 129),

---

[3] *See Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1178 (6th Cir.1979); *Bell v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir.1977)). *See also Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (holding that claims under Title 18 do not allow a plaintiff to recover civil damages).
[4] The court in *Wisdom* also indicates, as was discussed at oral argument, that a civil mail fraud claim may be plead as a predicate act to a civil RICO claim. *See Wisdom*, 167 F.3d at 406-407. A civil RICO claim was not plead in this case.

and that these "representations were part of a scheme to damage and defraud plaintiff" (Docket Entry #10, ¶ 130), do not satisfy the heightened pleading standard for fraud, *see Vance v. U.S.*, 60 Fed.Appx. 236, 239 (10th Cir. 2003) (stating that "Plaintiff's conclusory allegations . . . [did] not satisfy [Rule 9(b)]").[5] Therefore the complaint on its face fails to state a cause of action for mail fraud for which relief may be granted.

### III. Plaintiff's Claims of Fraud, Abuse of Process, Spoliation of Evidence and Intentional Infliction of Emotional Distress

The court should decline to decide the remaining claims due to lack of jurisdiction. Title 28 United States Code § 1367 provides, "the district courts [with] supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Plaintiff's federal claims have been dismissed or withdrawn. Therefore, it is appropriate for the court to decline to exercise jurisdiction over the remaining claims.

---

[5] Many courts have held that a complaint must set forth some factual basis for "conclusory allegations of intent" and that "[t]hese factual allegations must give rise to a "strong inference" that the defendants possessed the requisite fraudulent intent." *USA Certified Merchants, LLC v. Koebel*, 262 F.Supp.2d 319, 333 (S.D.N.Y. 2003) (quoting *Beck v. Manufactures Hanover Trust Co.* 820 F.2d 46, 50 (2d Cir. 1987)); *see also Lucia v. Prospect St. High Income Portfolio, Inc.*, 36 F.3d 170 (1st Cir. 1994); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566 (2d Cir. 2005); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525F.3d 370 (4th Cir. 2008) (plaintiff making FCA claim must set forth specific facts that support inference of fraudulent intent; *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994); *Coffey v. Foamex, L.P.*, 2 F.3d 157 (6th Cir. 1993); *U.S. ex rel. Fowler v. Caremark RX, LLC* 496 F.3d 730 (7th Cir. 2007); 5A Wright & Miller: Federal Prac. & Proc. § 1301, Malice, Intent, or Condition of Mind (2009). Plaintiff's complaint does not set forth any factual basis for his conclusory allegations of an intent to defraud which would raise his allegations above a strong inference that Defendant possessed the requisite intent.

### IV. Plaintiff's Motion to Amend

Plaintiff's motion for leave to amend should be denied. Plaintiff did not include a proposed amended complaint with his motion. Plaintiff, in his motion, asks the court "for leave to amend [his] complaint to cure any deficiencies in the pleading, and to add and remove theories of law which upon research have proven less applicable or more applicable as the case may be." (Docket Entry #15.) *Pro se* plaintiffs are generally afforded some leeway in their filings and are permitted to amend their complaints to comply with the rules. However, Plaintiff is a prolific and experienced filer and should be held to a higher standard than *pro se* litigants who do not have the same filing and litigation experience as Plaintiff. *See* Standard of Review *supra*. Further, Plaintiff's Motion to Amend does not indicate specifically how Plaintiff plans to amend his complaint. The court requires such specificity, rather than loose generalities when allowing a Plaintiff to amend a complaint to ensure that the amendment will solidly cure deficiencies in the complaint. Plaintiff's motion contains no specific information as to how the amended complaint would remedy the complaint's deficiencies. Therefore, Plaintiff's motion should be denied.

### V. Plaintiff's Motion to Consolidate

Plaintiff's Motion to Consolidate this case with Case No. 2:09-CV-373 should be denied because all issues, except for the violation of the bankruptcy stay, have been dismissed. With all issues dismissed in this case, there is no common question of law or fact that warrants consolidation. *See* Fed. R. Civ. P. 42(a).

### VI. Violation of the Automatic Bankruptcy Stay

The final remaining issue is the question of whether the automatic bankruptcy stay was violated. The court should refer this issue to the Bankruptcy Court under the General Order of

Reference. *See* DUCivR 83-7.1(a) (stating that "unless a rule or order of this court expressly provides otherwise, any and all cases under Title 11 and any and all proceedings arising in or related to a case under Title 11 are referred to the bankruptcy judges for the District of Utah for consideration and resolution consistent with the law.").

## RECOMMENDATION

For the foregoing reasons, Plaintiff fails to state a claim upon which relief can be granted. Therefore, **IT IS RECOMMENDED** that:

(1) Defendant's Motion to Dismiss be **GRANTED** in part with respect to Plaintiff's 42 U.S.C. § 1983 and mail fraud claims;

(2) the court decline to exercise jurisdiction over the remaining state law claims of fraud, abuse of process, spoliation of evidence and intentional infliction of emotional distress and that those claims be **DISMISSED**;

(3) Plaintiff's claim of a violation of the automatic bankruptcy stay under 11 U.S.C. § 362 be **REFERRED** to the bankruptcy court for further proceedings; and

(4) Plaintiff's Motion to Consolidate (Docket Entry #20) be **DENIED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they

must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute waiver of those objections on subsequent appellate review.

DATED this 20th day of July, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge